**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

FRANKLIN P.C.S.,

Petitioner,

v.

TODD BLANCHE, *U.S. Attorney General*;

SIRCE E. OWEN, *Acting Director for Executive Office for Immigration Review*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

JOEL BROTT, *Shelburne County Sheriff*,

Respondents.

Civil No. 26-3887 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

David L. Wilson and Gabriela Sophia Anderson, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Federal Respondents.

Petitioner Franklin P.C.S. was arrested and detained by immigration officials on September 2, 2026, following a vehicle stop. Franklin P.C.S. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes that Franklin P.C.S.'s continued detention violates his Fifth Amendment rights to Procedural Due Process, the Court will grant his petition and will order that he receive an individualized bond hearing.[1]

## BACKGROUND

Franklin P.C.S. is a citizen of Ecuador. (Pet. Writ of Habeas Corpus ("Pet.") ¶ 11, Sept. 3, 2026, Docket No. 1.) Prior to his arrest on September 2, 2026, he resided in Minnesota. (*Id.*) Petitioner has valid employment authorization and no criminal history. (*Id*. ¶¶ 35, 60.)

Petitioner entered the United States without inspection on May 17, 2023. (*Id*. ¶ 28.) On May 25, 2023, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear charging him as removable, but this form did not include a court date. (Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 5, Sept. 8, 2026, Docket No. 6.) On June 5, 2023, DHS paroled Petitioner for a period of one year. (*Id*. ¶ 6 & Ex. D). Less than

[1] The Court declines to reach Petitioner's claims under the Fourth Amendment, the INA, and the APA.

three months later, DHS Terminated Petitioner's parole and issued a new Notice to Appear. (*Id*. ¶ 7 & Ex. C.)

On September 2, 2026, ICE/ERO officers performed a vehicle stop of Petitioner's vehicle while conducting targeted deportation operations at a worksite in Otsego, Minnesota. (*See id.* ¶ 8; Pet. ¶ 33.) Respondents allege that Petitioner failed to comply with verbal commands to exit the vehicle, citing this as the reason officers shattered Petitioner's window and "extracted Petitioner from the vehicle" to place him under arrest.[2] (Northwood Decl.¶ 11.) An ICE/ERO officer then served Petitioner with an I-200 Administrative warrant. (*Id.* ¶¶ 11, 12 & Ex. B.)

Petitioner is now in detention at the Sherburne County Jail. (Pet. ¶ 36.)

**DISCUSSION**

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "[T]he Due

[2] "Respondents" here includes only Federal Respondents as no response was submitted on behalf of Respondent Joel Brott.

Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis,* 533 U.S. 678, 693 (2001). "[G]overnment detention violates [the Due Process] Clause unless it is ordered in a *criminal* proceeding with adequate procedural protections . . . or, in certain special and 'narrow' nonpunitive 'circumstances'[.]" *Id.* at 690 (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

Here, Respondents' asserted basis for detaining Petitioner is 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention for "applicant[s] for admission" into the United States. *See Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (concluding that an individual who, like Petitioner in this case, was already present in the United States, was nevertheless an "applicant for admission" and is subject to mandatory detention under § 1225(b)(2)(A)). In responding to Petitioner's Procedural Due Process claim, Respondents argue that the right to a bond hearing is a Substantive Due Process claim because a bond hearing is a vehicle for making a **substantive** determination about flight risk. Thus, Respondents argue, the balancing test for procedural claims set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976) does not apply. Specifically, Respondents argue that Petitioner has no Procedural Due Process claim because a determination on whether he is a danger or a flight risk is irrelevant to § 1225(b)(2)(A). Thus, Respondents argue,

Petitioner must be making a Substantive Due Process claim, challenging Congress's substantive decision to mandate detention pending removal proceedings.[3]

The Court is not persuaded. Statutes do not override the Constitution, and the Court must enforce constitutional rights—including the right to liberty—regardless of statutory language. Respondents rely on *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003), for the proposition that a claim for a bond hearing must be analyzed in terms of Substantive Due Process. But *Connecticut Department of Public Safety* is inapposite. There, the Court considered a Procedural Due Process challenge to the respondent's placement on a public sex offender registry without a hearing. *Id.* at 6. Respondent had argued that posting a name on a sex offender registry deprived him of a liberty interest. The Court concluded whether the respondent had been deprived of a liberty interest was irrelevant because Procedural Due Process did not entitle respondent

---

[3] Respondents also argue that the Habeas Petition should be dismissed because Petitioner's counsel, not Petitioner, verified the Petition. A petition for a writ of Habeas Corpus must be signed and verified by the person who is seeking relief or by someone acting on their behalf. 28 U.S.C. § 2422. A person acting on behalf of a habeas petitioner may sign and verify the petition due to petitioner's inaccessibility. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). As previously noted by the Court, and by other courts in this district, Respondents' immigration related actions in the past year have created a high degree of risk of the mistaken deprivation of liberty in the name of swift immigration enforcement. *E.g.*, *U.H.A. v. Bondi*, Civ. No. 26-417, 2026 WL 558824, at *14–15 (D. Minn. Feb. 27, 2026) (concluding that plaintiffs, a group of refugees, were likely to prevail in showing that their Procedural Due Process rights had been violated during Operation Metro surge); *see also Vu V. L. v. Mullin*, Civ. No. 26-2947, 2026 WL 1893611 (D. Minn. July 1, 2026) ("ICE has been less than diligent in communicating with detainees and their counsel regarding a detainee's circumstances of detention . . . .")(collecting cases). These conditions have led to counsel's inability to access detainees that justify Petitioner's counsel to act on Petitioner's behalf and to verify the Petition. The Court will decline to dismiss the Petition on this ground.

to a hearing to establish a fact (i.e., whether an offender was likely to be currently dangerous) that was not material under the Connecticut statute. *Id.* at 7.[4] Here, Petitioner is challenging the potential loss of his liberty, and liberty is firmly a Procedural Due Process right. *See Mathews*, 424 U.S. at 332.

For the reasons set forth above and in *Axel J.M.C., v. Stanski*, Civ. No. 26-2281, 2026 WL 1171344 (D. Minn. Apr. 29, 2026), the Court concludes that the balancing test set forth in *Mathews* applies to Petitioner's due process claim. Here, as in *Axel*, Petitioner's liberty interest is significant, the risk of erroneous deprivation of Petitioner's liberty is high, and the burden the Government would bear in providing an individualized bond hearing is low.

Because the Court concludes that Petitioner's due process claim under the Fifth Amendment prevails, the Court will grant Petitioner Franklin P.C.S.'s petition for writ of habeas corpus to the extent he seeks a bond hearing, and the Court need not address

[4] The Court noted that, to succeed, respondent's claims would have to be analyzed in terms of substantive, not procedural, due process, and respondent would have to show that the that the liberty interest in question—freedom from defamation—is so fundamental as to implicate so-called "substantive" due process. *See Connecticut Department of Public Safety*, 538 U.S. at 8.

Petitioner's other claims for relief. If Respondents are unable to hold a bond hearing within seven days of this order, the Court will direct that the Petitioner be released.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Franklin P.C.S.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED**, as follows:

1. Petitioner's detention without an individualized bond hearing violates his rights under the Due Process Clause of the Fifth Amendment;

2. Respondents shall provide Petitioner with an individualized bond hearing within seven (7) days of the date of this Order, in which both parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and presents a flight risk if not detained;

3. If Respondents do not provide Petitioner with an individualized bond hearing as required herein, Petitioner must be immediately released from detention; and

4. **By 5:00 P.M. on September 22, 2026**, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court at that time

whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: September 14, 2026
at Minneapolis, Minnesota.

/s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge